**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ELIJAH BENNETT DOWDLE**                                                                   **PLAINTIFF**

**v.**                                                                                        **No. 1:12CV173-A-V**

**BUTCH HOWARD, ET AL.**                                                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On February 25, 2013, plaintiff Elijah Bennett Dowdle, an inmate in the custody of the Bolivar County Community Work Center with inmate number 72353, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

In September 2009, Elijah Dowdle was closing the door of his cell in the Lowndes County Adult Detention center when the door slammed on his left little finger and crushed it (Dowdle is left-handed). There are no safety handles on the doors at the Lowndes County Adult Detention Center. Dowdle was taken to Baptist Memorial Hospital in Columbus, Mississippi, that day, but the jail did not have a contract with the hospital, so he was returned to the jail. The next day he was taken to the hospital in Starkville, where he was x-rayed and told that the bone in his finger

---

[1] 28 U.S.C. § 1915(g).

was crushed and would require surgery.  He was given an ice pack and ibuprofen and returned to the jail.  The day after his x-ray, he was transported again to Starkville, where in underwent an operation to repair his finger.  Though he had pins in his finger, he did not know about them because a cast covered his entire hand.  The doctor's orders stated that Dowdle should be returned to the hospital after two weeks.

Two days after being returned to his cell at the Lowndes County Adult Detention Center, he was moved to the Central Mississippi Correctional Facility in Rankin County.  There was no cell available for him at the time, so he was placed in the lockdown unit, where it appears that prison officials forgot about his condition.  After placement in the lockdown unit, he made repeated requests to have medical personnel examine his hand, but no one took him seriously for about two months, when his cast began crumbling and exposed his hand, which had dried blood all over it and several pins sticking out.  At that point, he refused to enter his cell until he was examined by a doctor, and a guard saw to it that he was taken to medical.  Medical personnel examined Dowdle's finger and determined that he needed to see an off-site doctor.  He was transferred to another hospital, where the doctor examined him, found that the first surgery did not work, and performed a second surgery.  The second doctor determined that the finger could not be completely repaired, and that he would have to fuse the bones to restore the finger to partial functionality by implanting a titanium rod and screws.  After the surgery, he was transferred to Unit 720, the Special Needs Unit, so he could recover.  Though the fusion of the joint was successful, the nerves in his hand took two years to recover.  At this point, Dowdle's finger has reached the maximum extent of its recovery.  Dowdle's finger is somewhat misshapen and painful, and he cannot flex it, but the surgeon fused it in a bent position to make it easier for Dowdle to hold things.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F.

Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Though the court sympathizes with Dowdle's predicament, his allegations do not state a claim against any of the defendants in this case. He testified at the *Spears* hearing that neither Sheriff Butch Howard nor Jail Administrator Billy Pickins had any personal involvement in his medical care, and the Lowndes County Adult Detention Center Administration is not an entity that can be sued under the law. Also, as to his claim that the defendants were negligent in failing to have safety handles on prison doors, as set forth above, negligent conduct does not rise to the level of a constitutional violation. *Daniels, supra*.

In sum, the instant case should be dismissed for failure to state a claim upon which relief could be granted.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115

S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date.  *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 25th day of June, 2013.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE